UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORI SOETE, | ) |
| | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-00439-APG-NJK |
| | ) |
| vs. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant(s). | ) |

     Pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 28-29. Plaintiff filed a reply. Docket No. 30. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4. The Court held oral arguments on April 9, 2015. Docket No. 39.

     The Court hereby ORDERS supplemental briefing on the limited issue discussed below with respect to Dr. White. The Commissioner's briefing argues on the one hand that Dr. White's opinion is ambiguous, and that it is within the ALJ's province to resolve ambiguities in the record. *See, e.g.*, Docket No. 29 at 7 ("With respect to Plaintiff's ability to interact with others and respond to changes in the workplace, Dr. White's opinion is unclear"). The Commissioner's briefing also argues, on the other hand, that the ALJ properly rejected Dr. White's opinion with respect to limitations in interacting with others and responding to changes in the work place as, *inter alia*, unsupported by the record. *See, e.g.*, *id.* at 7-9. At oral argument, counsel "clarified" that the Commissioner believes that the ALJ's RFC

assessment was entirely consistent with Dr. White's opinion (*i.e.*, that the ALJ did not reject it). *See* Hearing Tr. (4/9/2015) at 3:42-3:45. In particular, the Commissioner argued that Dr. White's report did not include an opinion of any limitation to be considered in the ALJ's assessment of Plaintiff's residual functional capacity, but rather only conditional observations. *See id.*; *see also id.* at 3:41 ("there was nothing for the ALJ to reject here").

In light of the above, the Court believes supplemental briefing is appropriate as to the Commissioner's clarified argument that the ALJ's RFC assessment is consistent with Dr. White's opinion. The parties shall both file supplemental briefs regarding that issue on May 5, 2015. The supplemental briefs shall be limited to 10 pages in length. The supplemental briefing should also explain whether the following statement made by Dr. White (but not addressed in the parties' briefing) impacts the Court's analysis as to whether his opinion is consistent with the ALJ's RFC assessment: "Based on the results of [the] mental status examination and on Lori's completion of intake paper, it appears she is capable of functioning in the low average range of intelligence with at least fair concentration and memory in spite of a very emotional presentation." A.R. 742.

IT IS SO ORDERED.

DATED: April 28, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge